MORRIS LAW GROUP
Steve Morris, Bar No. 1543
Ryan Lower, Bar No. 9108
900 Bank of America Plaza
300 South Fourth Street
Las Vegas, NV  89101
Telephone:  (702) 474-9400
sm@morrislawgroup.com
rml@morrislawgroup.com

Kathleen Taylor Sooy (*pro hac vice*)
Tracy A. Roman (*pro hac vice*)
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
Telephone:  (202) 624-2500
ksooy@crowell.com
troman@crowell.com

Attorneys for Defendant REHAU Incorporated

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| DESERT VIEW LOFTS, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>COX & SONS PLUMBING, REHAU, INC., DOE INDIVIDUALS 1-50, and ROE BUSINESS ENTITIES 1-50,<br><br>Defendants. | Case No. 2:12-cv-00820-GMN-GWF<br><br>**ORDER GRANTING JOINT MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT** |

Upon consideration of the Joint Motion for Determination of Good Faith Settlement filed by plaintiff Desert View Lofts, LLC and defendant REHAU Incorporated, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. The Joint Motion for Determination of Good Faith Settlement (ECF No. __39__) is GRANTED.

2. This Order incorporates by reference the definitions in the settlement agreement, and all capitalized terms used herein that also appear in the settlement agreement shall have the meaning set forth in the settlement agreement.

3. The settlement is approved as having been made in good faith, based on the parties' representations that they have engaged in negotiations, giving full consideration to the financial condition of the settling parties, the strengths and weaknesses of the parties, the merits of potential contribution and indemnity claims, as well as other benefits of resolving this matter, and agreed to settle Desert View Lofts' claims against REHAU for $195,500.00.

4. Pursuant to NRS 17.245 and the settlement agreement, the REHAU Releasing Parties and the DVL Releasing Parties and each of them are permanently enjoined from filing, commencing, prosecuting, intervening in, participating in or receiving any benefits from any lawsuit, arbitration, administrative or regulatory proceeding or order in any jurisdiction based on any or all DVL Released Claims and REHAU Released Claims against any or all DVL Released Parties or REHAU Released Parties.

5. Further, pursuant to NRS 17.245 and the settlement agreement, all Persons who are, have been, could be, or could have been alleged to be joint tortfeasors, co-tortfeasors, co-conspirators, or co-obligors with any or all of the REHAU Released Parties respecting any or all of the DVL Released Claims, are hereby, to the maximum extent permitted by law, barred and permanently enjoined from making, instituting, commencing, prosecuting, participating in or continuing any claim, claim-over, cross-claim, action, or proceeding, however denominated, regardless of the

allegations, facts, law, theories or principles on which they are based, in this Court or in any other court or tribunal, against any or all of the REHAU Released Parties and the DVL Released Parties with respect to any or all of the DVL Released Claims, including without limitation equitable, partial, comparative, or complete contribution, set-off, indemnity, or otherwise, whether by contract, common law or statute, arising out of or relating in any way to the DVL Released Claims.  All such claims are hereby fully and finally barred, released, extinguished, discharged, satisfied and made unenforceable to the maximum extent permitted by law, and no such claim may be commenced, maintained, or prosecuted against any REHAU Released Party.  Where the claims of a Person who is, has been, could be, or could have been alleged to be a joint tortfeasor, co-tortfeasor, co-conspirator or co-obligor with a REHAU Released Party respecting the DVL Released Claims have been barred and permanently enjoined by this section, the claims of REHAU Released Parties against that Person respecting those DVL Released Claims are similarly fully and finally barred, released, extinguished, discharged, satisfied and made unenforceable to the maximum extent permitted by law, except REHAU expressly and fully reserves its rights to pursue any and all claims against  the Third Party Vendors in connection with plumbing products that were supplied by the Third Party Vendors to REHAU and were in the Desert View Lofts Properties.

///
///
///
///
///
///

6. Notwithstanding the dismissal of this action, this Court retains jurisdiction as to the enforcement of the parties' settlement agreement and this bar order and injunction.

**IT IS SO ORDERED** this 28th day of January, 2013.

_____
Gloria M. Navarro
United States District Judge

4